**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ALPACINO MONREAL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No.  1:26-CV-00450-DAE** |
| | § | |
| **APPLIED MATERIALS INC.,** | § | |
| *Defendant* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Alpacino Monreal's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Monreal is requesting permission to proceed in forma pauperis, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Monreal's financial affidavit and determined Monreal is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Monreal's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or

1

giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Monreal is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Monreal's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Monreal has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Monreal alleges that Defendant Applied Materials ("Applied"), his employer, violated his rights under the Americans with Disabilities Act ("ADA") by failing to accommodate him, discriminating against him, retaliating against him, and ultimately terminating his employment. Dkt. 1, at 15-18. Monreal also alleges Applied breached his employment contract. *Id.* at 13-15.

Monreal must exhaust administrative remedies before filing his ADA claim in federal court. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). He does not allege or provide evidence that he did so. *See* Dkt. 1. Instead, Monreal alleges that in response to his post-termination requests for "documents, clarification, and internal review," Applied "delayed and obstructed Plaintiff's access to information" and "[a]llow[ed] statutory filing deadlines to run while Plaintiff reasonably relied on promised internal processes." *Id.* at 12, 19.

Monreal cannot show his failure to exhaust administrative remedies should be excused. "The 'limitations period on filing a charge of employment discrimination is subject to equitable doctrines such as tolling or estoppel.'" *Melgar v. T.B. Butler*

*Publ'g Co.*, 931 F.3d 375, 380 (5th Cir. 2019) (quoting *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003)). But these doctrines are applied sparingly. *Manning*, 332 F.3d at 880. The undersigned addresses each below.

Monreal bears the burden of demonstrating the basis for tolling. *Melgar*, 931 F.3d at 380. "[E]quitable tolling can excuse an untimely filing in the following circumstances: '(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.'" *Id.* (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).

Notwithstanding the fact that Monreal failed to file *any* charge of discrimination, much less a timely one, none of the equitable-tolling factors applies here. *See* Dkt. 1, at 12 (noting that Monreal submitted "written correspondence" to the EEOC after the deadline for filing had passed). First, there is no evidence of a pending suit between Monreal and Applied in state court. *See* Dkt. 1; *Melgar*, 931 F.3d at 380.

Second, while Monreal states that Applied "obstructed [his] access to information" and "contributed to confusion regarding the basis and finality of his termination," Dkt. 1, at 12, 19, Monreal does not explain how these alleged failures caused him to be unaware of the facts of his claim given it is based on failure to accommodate, discrimination, and retaliation that Monreal alleges he experienced. *See Melgar*, 931 F.3d at 380; *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th

4

Cir. 2011) (concluding equitable tolling did not apply in part because the plaintiff had already acquired the facts needed to support her discrimination claim). To the extent Monreal means to argue that he did not know his termination was final, his facts contradict that argument: Monreal states human resources informed him upon his termination that "it was a 'permanent' ban from Applied Materials for employment and there would be no further discussion on the matter." Dkt. 1, at 11; *see Phillips*, 658 F.3d at 457 (concluding equitable tolling did not apply because the finality of the employer's decision was never in doubt). Applied's alleged "[f]ail[ure] to provide the full termination and review policies" or use of "incomplete or inconsistent internal review procedures" also do not support a finding that Monreal was unaware of the facts of his claim, since courts "equitably toll a limitations period only when the employer's *affirmative acts* mislead the employee and induce him not to act within the limitations period." Dkt. 1, at 19; *Manning*, 332 F.3d at 880 (emphasis in original). Moreover, these post-termination procedures have little bearing on the facts of Monreal's claim. *See Phillips*, 658 F.3d at 457.

Third, there is no allegation that the EEOC misled Monreal regarding the basis of his rights since Monreal never filed any EEOC charge and never received any correspondence from the EEOC. *See* Dkt. 1, at 12; *Manning*, 332 F.3d at 881 (noting courts apply equitable tolling "when an employee seeks information from the EEOC, and the organization gives the individual *incorrect information* that leads the individual to file an untimely charge" (emphasis in original)). Finally, while in some

cases "there may be other bases that warrant equitable tolling," the undersigned sees none here. *Melgar*, 931 F.3d at 381.

Estoppel does not apply here, either. "'A defendant is equitably estopped from asserting that a claim is time-barred where its conduct induced a plaintiff to refrain from exercising its rights.'" *Phillips*, 658 F.3d at 458 (quoting *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 810 n.14 (5th Cir. 1991)). The Fifth Circuit has declined to apply estoppel where the employer's action was not misleading. *See id.* Applied's conduct was not misleading. Regardless of whether Applied used standard post-termination procedures in Monreal's case, it was clear that Monreal's employment had ended. Dkt. 1, at 11 (alleging human resources informed Monreal upon his termination that "it was a 'permanent' ban from Applied Materials for employment and there would be no further discussion on the matter"). Because Monreal did not file a timely EEOC charge and fails to demonstrate equitable tolling or estoppel should apply here, the undersigned will recommend that the District Judge dismiss his ADA claims.

Having found that Monreal has failed to state any claims for relief under federal law, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over his state-law breach-of-contract claim. Monreal's sole basis for jurisdiction rests on the assertion of federal causes of action, and under section 1367, the Court may decline to exercise supplemental jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th

6

Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."); *see also Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.") (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009)).

## III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Monreal's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Monreal's cause of action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

7

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 15, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE