IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APLACINO MONREAL,<br><br>*Plaintiff,*<br><br>vs.<br><br>APPLIED MATERIALS INC.,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 1:26-CV-00450-DAE |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND
(2) DISMISSING SUIT WITH PREJUDICE

Before the Court is a Report and Recommendation ("Recommendation") filed by U.S. Magistrate Judge Dustin Howell on May 15, 2026. (Dkt. # 6.) Objections to the Recommendations were due within fourteen days after being served with a copy. On June 6, 2026, Plaintiff timely filed objections to the Recommendation.[1] (Dkt. # 13.) Then, without leave of court, Plaintiff filed more substantive objections on September 11, 2026. (Dkt. # 15.)

After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's Recommendation (Dkt. # 6), and **DISMISSES WITH PREJUDICE** Plaintiff's claims. (Id.)

[1] The Court granted Plaintiff an extension to file his responses. (See June 1, 2026, Text Order (granting (Dkt. # 11)).)

## BACKGROUND

The Court incorporates the relevant facts as recited in U.S. Magistrate Judge Dustin Howell's Report and Recommendation ("the Recommendation"). (Dkt. # 6.) Monreal alleges that Defendant Applied Materials ("Applied"), who was his employer, violated his rights under the Americans with Disabilities Act ("ADA") by failing to accommodate him, discriminating against him, retaliating against him, and ultimately terminating his employment. (Dkt. # 1 at 15–18.) Monreal also alleges that Applied breached his employment contract. (Id. at 13–15.)

The Magistrate Judge made four recommendations. First, he recommended that this Court refuse to excuse Plaintiff's "failure to exhaust administrative remedies." (Dkt. # 6 at 3.) The Magistrate Judge referenced Fifth Circuit precedent that indicates that, as the Plaintiff, Monreal bears the burden of establishing that an equitable doctrine such as tolling or estoppel should apply to his claims. (See id.) And the Recommendation determined that Monreal could not make the necessary showing.

Second, the Magistrate Judge recommended that this Court reject Monreal's arguments that the latter was unaware of his ADA claim. (See id. at 4–5.) This is because Monreal's Complaint reflects an understanding that Applied unequivocally told him that his termination was final. (See id. at 5 (citing Dkt. # 1

at 11).) Accordingly, because Monreal did not plead any "affirmative acts" from his employer intended to mislead or induce him to delay bringing his suit, the Magistrate Judge recommended that this Court refrain from applying an equitable doctrine on that ground. (See id.)

Third, and relatedly, the Recommendation notes that Monreal does not allege that the EEOC itself misled him as to his rights, which further militates against applying an equitable device such as tolling or estoppel. (See id. at 5–6.)

Fourth and finally, the Magistrate Judge recommended that the Court refrain from exercising its discretionary supplemental jurisdiction to hear Monreal's state law claims. (See id. at 6–7.) Should the Court accept the Recommendation, it will have dismissed the claim that provided it with original jurisdiction (*i.e.*, federal question pursuant to 28 U.S.C. § 1331) and need not hear the pendent state law claims. (See id. (citing Fifth Circuit cases that construe the federal statute governing federal district court's exercise of their supplemental jurisdiction, 28 U.S.C. § 1367).)

## LEGAL STANDARD

### I. Review of a Magistrate Judge's Report and Recommendation

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, the Court must conduct a de novo review of any

specific objections to the Magistrate Judge's Recommendation filed within fourteen days of being served a copy of such recommendations. See id. "[A] party's failure to [timely] file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation . . . after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object." Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

Importantly, the objections must identify specific findings in the report, so that "frivolous, conclusive or general objections need not be considered by the district court." Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting the Fifth Circuit's decision in Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Where no specific objections are made to a finding, the Court is not required to conduct a de novo review, rather the standard is whether the Report and Recommendation is clearly erroneous. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). However, objections from plaintiffs proceeding *pro se* should be construed liberally. See Estelle v. Gamble, 429 U.S.

97, 106 (1976) (distinguishing *pro se* claims that are summarily dismissed from those which the plaintiff is unable to allege facts that entitle him to relief). Even so, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2)); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

## DISCUSSION

The Magistrate Judge determined that Plaintiff's claims lacked merit. Plaintiff lodged two sets of objections to Magistrate Judge Howell's Recommendation. (See Dkts. ## 14; 15.)

### I. Monreal's First Set of Objections

The first set of objections does not point to any specific errors with the Magistrate Judge's Recommendation. (See Dkt. # 14.) Instead, the objections are "general" in nature—*e.g.*, (1) "*pro se* pleadings should be liberally construed"; "factual development is required to establish administrative exhaustion"; and "dismissal with prejudice would be premature." (See id. at 2–3.) Like the Fifth Circuit held in Battle, these do not merit this Court's consideration. Cf. 834 F.2d at 421.

I. Monreal's Supplemental Objections

The second set of objections are untimely because they were filed September 11, 2026. Because they are untimely, the Court applies plain error review. See Douglass, 79 F.3d at 1427–28. To prevail under plain error review, Monreal "must show 1) that an error occurred; 2) that the error was plain, which means clear or obvious; 3) the plain error must affect substantial rights; and 4) not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings." Septimus v. Univ. of Houston, 399 F.3d 601, 607 (5th Cir. 2005) (footnote omitted). "The plain error exception is designed to prevent a miscarriage of justice where the error is clear under current law." Id. (citing Taita Chem. Co., Ltd. v. Westlake Styrene, LP, 351 F.3d 663, 668 (5th Cir. 2003) (internal citation omitted)). The second set of objections, which are styled "Plaintiff's Supplemental Objections" (Dkt. # 15), are more robust than Plaintiff's first set of objections (Dkt. # 14), and they identify case law as well as provide more developed arguments than the objections that Plaintiff had originally lodged. The Court will review Plaintiff's Supplemental Objections to the Recommendation and apply plain error. (Dkt. # 15.).

a. Objection 1: Existence of an EEOC Charge

Monreal objects to the Magistrate Judge's finding that he "never filed any EEOC charge and never received any correspondence from the EEOC." (Dkt.

# 6 at 5.) To the contrary, he asserts that he did, in fact, file a charge with the EEOC. (See Dkt. # 15 at 4–5, 22.) Monreal attaches what purports to be a cover letter concerning his EEOC Charge, captioned 451-2026-01070. (Id. at 22.) He does not attach the contents of the communication. Even accepting that the Magistrate Judge incorrectly characterized whether Monreal had *actually filed* a charge with the EEOC, the Magistrate Judge did not plainly err because Monreal's proffered letter was still untimely. (See Dkt. # 6 at 6 ("Because Monreal did not file a *timely* EEOC charge and fails to demonstrate equitable tolling or estoppel should apply here, the undersigned will recommend that the District Judge dismiss his ADA claims.") (emphasis added)). Thus, whether he filed no EEOC letter or whether it was untimely, the outcome is the same. See Septimus, 399 F.3d at 607.

b. Objection 2: EEOC Charge Timeliness

Next, Plaintiff asserts that the Recommendation incorrectly construes the law governing Title VII's charge-filing precondition. (Dkt. # 15 at 6.) Plaintiff cites to Fort Bend County v. Davis, which he claims prevents the dismissal of a Title VII case when a plaintiff's EEOC charge is untimely filed. (Id. (citing Davis, 587 U.S. 541, 549–552 (2019)).) Yet, in the very pages of the U.S. Reporter that Monreal cites, the Davis Court explains why his argument fails: "[A] rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill." 587 U.S. at 552. Accordingly, the Magistrate Judge's

Recommendation is not plainly erroneous. To the contrary, it accords with well-settled federal law and, absent the application of an equitable device like tolling or estoppel, a plaintiff like Monreal's complaint *should* be dismissed where his EEOC charge was filed more than 300 days after the defendant-employer terminated his employment. (Dkt. # 6 at 6); cf. Septimus, 399 F.3d at 607. Plaintiff's arguments to the contrary (e.g., Dkt. # 15 at 6–8) are without merit. Cf. Battle, 834 F.2d at 421.

c. Objection 3: Supplemental Jurisdiction

Plaintiff objects to the Recommendation's suggestion that the Court decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367. (See Dkt. # 15 at 8–9.) He correctly points out that this Court's jurisdiction depends on a case's facts rather than the specific statute that a party cites in its papers. (See id. at 8.) He claims that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that this allegation alone is enough to satisfy 28 U.S.C. § 1332's requirements for original jurisdiction predicated on diversity. (See id.) Not so. It is insufficient to assert "in a conclusory manner," as Plaintiff does here, "that the matter in controversy exceeds the sum or value of $75,000." Posada v. Dolgencorp of Tex., Inc., No. C-10-98, 2010 WL 1798826, at *2 (S.D. Tex. May 5, 2010) (citing Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (internal quotation marks omitted)). Under plain error, even if the Magistrate

Judge erred, any such error was not "plain, which means clear or obvious." Septimus, 399 F.3d at 607.

d. Objection 4: Applied's HR Policies

In his Recommendation, the Magistrate Judge concluded that neither "Applied's alleged '[f]ail[ure] to provide the full termination and review policies" nor its use of "incomplete or inconsistent internal review procedures" support a finding that Monreal was unaware of the facts of his claim, since courts "equitably toll a limitations period only when the employer's *affirmative acts* mislead the employee and induce him not to act within the limitations period.'" (Dkt. # 6 at 5 (first quoting (Dkt. # 1 at 19); and then quoting Manning v. Chevron Chem. Co., 332 F.3d 874, 880 (5th Cir. 2003) (emphasis in original)).) The Magistrate Judge further concluded that "these post-termination procedures have little bearing on the facts of Monreal's claim." (Id. (citing Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 457 (5th Cir. 2011).)

Monreal raises a bevy of objections. (Dkt. # 15 at 9–14.) They are frivolous. Cf. Battle, 834 F.2d at 421. To wit, because the Court declines to exercise its supplemental jurisdiction over Monreal's state-law claims (and these objections pertain to those claims), the Court need not address them.

CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objections and it **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 6). **IT IS ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. Defendant's Motion to Dismiss (Dkt. # 5) is **DENIED AS MOOT**. The **CLERK** is **INSTRUCTED** to **CLOSE** the case.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, October 29, 2026.

__________________________________
David Alan Ezra
Senior United States District Judge